UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CBS BORING & MACHINE CO., INC.,

    Plaintiff,

v.

EISENWERK BRÜHL GMBH,

    Defendant.
_____/

Case No. 18-13623

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS UNDER FORUM NON CONVENIENS [5]**

This case arises from a contract dispute between a seller of automotive engine cylinder blocks, Eisenwerk Brühl, and a machining services company, CBS Boring. In an April 19, 2016 purchase agreement, Brühl contracted with CBS to precision-machine the Brühl cylinder blocks before their delivery to GM. Brühl agreed to make CBS its sole supplier of the machining services for a minimum of five years. Following a breakdown in negotiations on bracket-pricing, however, the purchase agreement was terminated.

Plaintiff filed suit in Macomb County Circuit Court on May 14, 2018, and, on November 20, 2018, Defendant removed the case to federal court. [Dkt. # 1]. On November 27, 2018, Defendant filed a motion to dismiss [5], citing the doctrine of *forum non conveniens*, which requires a Court to dismiss a case without prejudice if

a foreign court presents a more appropriate forum. That motion is now fully briefed. The Court now finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

## **LEGAL STANDARD**

The principles of *forum non conveniens* are outlined in *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). Since *Atlantic Marine* was decided, district courts in the Sixth Circuit have considered motions to enforce a forum-selection clause under both Rule 12(b)(6) and under the doctrine of *forum non conveniens*. *Transp. Sys., LLC v. Amazon*, 2018 U.S. Dist. LEXIS 178044, *5-6 (E.D. Mich. Oct. 17, 2018). As both parties have argued under the latter standard, the Court will consider the tenets of *forum non conveniens* to constitute the standard of review.

Courts evaluate a *forum non conveniens* motion for dismissal in the same way they would evaluate a motion for transfer under 28 U.S.C. § 1404(a). *Atlantic Marine*, 571 U.S. at 62. That statute reads,

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

"[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard." *Atlantic Marine*, 571 U.S.

at 61. These factors include both the convenience of the parties and various public-interest considerations, as outlined in *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). A Court should generally weigh ease of access to sources of proof, availability of compulsory process for unwilling witnesses, and cost of obtaining the attendance of willing witnesses. *Piper Aircraft*, 454 U.S. at 235. It should also consider the administrative difficulties that flow from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law. *Id*. Courts must also give proper weight to Plaintiff's choice of forum. *Id*.

The calculus changes, however, if the contract governing the dispute includes a valid forum-selection clause. *Atlantic Marine*, 454 U.S. at 63. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*., quoting *Stewart Organizations, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J. concurring).

*Atlantic Marine* provides that a valid forum-selection clause forces district court judges to adjust their § 1404(a) analysis in three ways, which, as a practical matter, requires such clauses to be given weight in "all but the most exceptional cases. *Atlantic Marine*, 571 U.S. at 63. First, Plaintiff's choice of forum merits no weight. *Id*. Second, the court should not consider arguments about the parties'

private interests. *Id*. at 63-64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id*. at 64. Third, although generally a defendant that succeeds in transferring a case from one state to another will be stuck with the choice-of-law rules of the transferor court's state (a narrow exception to the *Klaxon* Rule), the choice-of-law rules of a transferor court will not follow the case to a transferee court if there is a valid forum-selection clause. *Id*. at 64-65.

Forum-selection clauses, for their own part, are interpreted not according to state contract law, but according to federal common law rules of contract interpretation. *Wong v. Partygaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Federal common law interprets forum-selection clauses with ordinary contract principles. *In re Delta America Re Ins. Co*., 900 F.2d 890, 892 (6th Cir. 1990).

## ANALYSIS

The April 19, 2016 purchase agreement is a five-page agreement that provides, as translated, that "[CBS] will supply and [Eisenwerk Brühl] will purchase one hundred percent (100%) of its requirements for pre-machined cylinder Blocks identified in Exhibit A upon [CBS] receiving PPAP approval." (Dkt. 5-2). Though the text provides that "only German text is authentic," only the English text is attached to the contract that the parties signed.[1] The final page of the contract is

---

[1] Though only the German text is controlling, the Court will use translations advanced by parties where the other party has not disputed the translation.

translated by the Defendant as "General Terms and Conditions for Purchasing." (Id.). It provides the following "Concluding Terms."

> The contractual relationship is governed exclusively by German law. The stipulations of the UN Convention on contracts for the international sale of goods shall not apply.
> Place of performance for delivery shall be the agreed address for shipment; in any other respect it shall be Brühl. Place of jurisdiction shall be the court responsible for Brühl; however,

(Dkt. # 5-2, pg. 6, ¶ 10).

Defendant, in its Motion to Dismiss, argue that this is clearly a valid forum-selection clause, and that "the Court responsible for Brühl," Defendant's hometown, is the Landgericht Court of Cologne, Germany.

Plaintiff's Response

Plaintiff, in its response, musters four arguments against this motion.

First, Plaintiff argues that the Purchase Agreement only references the attached General Terms and Conditions in its Payment Terms. Section 5 of the purchase agreement includes the line, "See attached EB general terms and conditions," and a pdf icon of the General Terms is copied below. (Id.).

This is not a reasonable interpretation of the contract, however. Subsequent purchase orders begin with the sentence, "Bitte Liefen Sie auf Grund unserer Einkaufsbedingungun," which Defendant has translated to, "Please deliver your services on the basis of our General Terms and Conditions for Purchasing." (Dkt. # 10-2). More importantly, there is nothing in the General Terms that purports to limit

its scope to payment, and indeed several sections clearly pertain to matters outside the scope of payment, such as inventor's rights, product liability, and delivery. The first line of the General Terms, translated, reads, "Unless otherwise agreed upon in writing, our General Terms and Conditions for Purchasing apply exclusively." (Dkt. 10-2). It is inconceivable that a sophisticated party could have read such conditions and signed the contract with the intent that the jurisdictional clause only applied to pricing disputes, just because the General Terms were referenced in the pricing agreement. The Concluding Terms clearly state that, "The contractual relationship is governed exclusively by German law." (Id.). This purports to govern the entire contractual relationship, not merely the payment component of that relationship.

Second, Plaintiff argues that the forum-selection clause is too loosely worded to be valid. Critically, when interpreting the sentence, "[p]lace of jurisdiction shall be the court responsible for Brühl[,]" Plaintiff reads the word "Brühl" to refer to the Defendant itself, not the town near Cologne, in Germany.

This interpretation strains credulity. Defendant never refers to itself as "Brühl," and in the General Terms it refers to itself in the first-person plural. "Brühl" is used elsewhere in the document to refer exclusively to the city. The following clause — "we are also entitled to appeal to the court at Supplier's business location" — makes clear that this is an asymmetric forum selection clause.

Third, Plaintiff argues that even if the forum-selection clause is applicable, it is permissive, not mandatory. A permissive forum-selection clause "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Quicken Loans Inc. v. Re/Max, LLC*, 216 F. Supp. 3d 828, 833 (E.D. Mich. 2016). Plaintiff argues that a party who bargains for a mandatory forum-selection clause "should expect that the use of permissive forum-selection clauses may result in distant litigation." *JP Morgan Chase bank, N.A. v. Coleman-Toll Ltd. Partnership*, 2009 WL 1457158 at *6 (S.D.N.Y. May 26, 2009) (citation omitted). Indeed, "an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *679637 Ontario Ltd. v. Alpine Sign & Printer Supply, Inc.*, 218 F. Supp. 3d 572 (E.D. Mich. 2016). By its reading, the forum-selection clause advanced by Defendant does not contain sufficiently exclusionary, or mandatory, verbiage.

Plaintiff's objection ignores the fact that the "shall be" language, which appears in both Plaintiff's and Defendant's translation of the forum-selection clause, has typically been interpreted as sufficiently exclusionary to create a mandatory forum-selection clause. In *GE v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994), the Court held that the following forum-selection clause was sufficient to warrant a dismissal without prejudice.

> Place of jurisdiction for all disputes arising in connection with the contract shall be at the principal place of business of the supplier…The supplier is also entitled to file a suit at the principal place of business of the purchaser.

*Id*. at 1097.

The language is quite similar to the General Terms in Eisenwerk Brühl's contract. In that case the court held, "Because the clause states that 'all' disputes 'shall' be at Siempelkamp's principal place of business, it selects German court jurisdiction exclusively and is mandatory." *Id.* (citing *The Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 2 (1972)).

More recently, a district court dismissed a case where the forum-selection clause read: "Tennessee law, venue, and jurisdiction shall apply." *Transp. Sys., LLC v. Amazon*, 2018 U.S. Dist. LEXIS 178044, *5-6, 2018 WL 5043726 (E.D. Mich. Oct. 17, 2018); see also *Global Link, LLC v. Karamtech Co*., 2007 U.S. Dist. LEXIS 33570 (E.D. Mich. May 8, 2007). The court held as follows.

> Courts have found that the use of the term 'shall,' as opposed to discretionary terms like 'may' or 'should,' when used in forum-selection clauses make the requirement of a certain forum mandatory, not permissive.

*Transp. Sys., LLC*, 2018 U.S. Dist. LEXIS 178044, *6.

A court reached a similar result in *Quicken Loans Inc. v. ReMax, LLC*, F. Supp 3d 828 (E.D. Mich. 2016). It privileged a "shall be" forum-selection clause over a less decisively worded permissive forum-selection clause. The case was transferred as per the forum-selection clause that read, "[i]n the event of any dispute arising out

of this Agreement, the matter shall be brought in a court of competent jurisdiction in the State of Colorado." *Id*. at 830.

Fourth, Plaintiff argues that Defendant has neglected the other factors relevant to a *forum non conveniens* analysis, including those relating to the costs and ability to secure witnesses. They argue that the contract was formed in Michigan, to perform contracted services in Michigan, to deliver completed goods in Michigan, and that Brühl's employees probably travel to Michigan already to meet with their customer, GM, and the new supplier that replaced CBS.

In light of the valid forum-selection clause, however, the Court is barred from considering these private interests. CBS Boring, by all indications, is a sophisticated commercial entity that bargained for a contract with a mandatory forum-selection clause. Enforcing that clause is therefore necessary to protect the "legitimate expectations" of the parties. *Atlantic Marine*, 454 U.S. at 63.

Plaintiff's Sur-Reply

The Court's February 12, 2019 Order [13] permitting the Plaintiff to file a sur-reply was an invitation to respond to Defendant's reply brief, not an invitation to argue entirely new issues. The Court has considered Part B of the sur-reply as it relates to Plaintiff's response brief's third argument. It has considered Part D of the sur-reply and agrees that Dr. Martin Reufels declaration should be disregarded; the contract language speaks clearly enough without extrinsic evidence.

Parts A, C, and E of the sur-reply will not be considered, however, as they raise entirely new arguments. These arguments—regarding the validity of the underlying contract in light of the parties' communications—could have been raised in Plaintiff's response, and are therefore inappropriate for a reply brief. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003) (holding that arguing new issues in a reply brief deprives the opposing party the opportunity to respond). More importantly, under Michigan law, "consideration of extrinsic evidence generally depends on some finding of contractual ambiguity." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 473 Mich. 188, 198, 702 N.W.2d 106, 113 (Mich. 2005). The forum-selection clause at issue is clear and unambiguous, and attached to a contract bearing the signature of both parties. Plaintiff's extrinsic evidence regarding the circumstances of the parties' negotiations need not be considered.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss under *Forum Non Conveniens* [5] is **GRANTED**. The case is dismissed without prejudice. If a German court finds that it lacks jurisdiction, Plaintiff may bring suit again in this Court.

**SO ORDERED**.

Dated: April 2, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge